733 So.2d 1257 (1999)
Kathleen WILLIAMS, et al., Plaintiffs-Appellees,
v.
Jeannie L. BOONE, et al., Defendants-Appellants.
No. 99-106.
Court of Appeal of Louisiana, Third Circuit.
May 19, 1999.
Rehearing Denied June 23, 1999.
Eugene Paul Cicardo, Jr., Earl E. Vassar, Jr., Alexandria, for Kathleen Williams, et al.
*1258 Eric J. Miller, Alexandria, for Jeannie L. Boone, et al.
Before YELVERTON, THIBODEAUX, and SULLIVAN, Judges.
SULLIVAN, Judge.
This is an appeal from a judgment awarding joint custody of three children to parents and non-parents with the non-parents being designated as the primary domiciliary custodians of the children. For the following reasons, we affirm the judgment of the trial court.

FACTS
Timmy Glen Boone was born to Jeannie L. Boone on February 23, 1994. He has lived with Ms. Boone's parents, Mr. and Mrs. Terry E. Boone, since he was about three months old. Timmy's father, Jason Besson, has never been involved in the care of Timmy, and Ms. Boone does not know his whereabouts. Ashlee Rosine Boone was born to Ms. Boone on August 24, 1995. She has lived with her paternal grandparents, Mr. and Mrs. Richard L. Williams, since she was about one and one-half years old. Ashlee's father, Richard Ainsworth, rarely sees his daughter. Joseph Franklin Rivers, Jr., Frankie, was born to Ms. Boone on June 14, 1996. He has lived with Ms. Boone's aunt and uncle, Mr. and Mrs. James Owen, since he was four months old. Ms. Boone is currently living with Frankie's father, Joseph Franklin Rivers, Sr. at the home of Mr. and Mrs. Huey Rivers, Joseph, Sr.'s parents. She moved into the Riverses' home about three weeks before the hearing held herein. Joseph, Sr. moved into his parents' home shortly thereafter.
Ms. Boone has essentially left the care of her children to the individuals named above. She testified that she left her children with these individuals because she felt unable to care for them. She has never cared for all of three of her children at one time. It appears from the evidence that she has never cared for any one of her children for an extended period of time. Ms. Boone was recently placed on medication for anxiety and panic attacks, and she believes that she can now care for all of her children. Mr. Rivers testified that he is willing and wants to help Ms. Boone with the children. Neither Ms. Boone nor Mr. Rivers has a job at this time. Neither have ever had steady employment. Mr. Rivers' parents have given him a trailer for him, Ms. Boone, and the children to live in. Huey Rivers testified to his willingness to help support all of them.
On October 15, 1998, Mr. and Mrs. Boone, Mr. and Mrs. Williams, and Mr. and Mrs. Owen filed a petition seeking custody of the respective children that live with them. After a hearing held on October 26, 1998, the trial court awarded joint custody of the children to Ms. Boone, Mr. Rivers, and the Petitioners as follows: Timmy to Mr. and Mrs. Boone and Ms. Boone with the Boones being designated as primary domiciliary custodians; Ashlee to Mr. and Mrs. Williams and Ms. Boone with the Williamses being designated as primary domiciliary custodians; and Frankie to Mr. and Mrs. Owens, Ms. Boone, and Mr. Rivers with Mr. and Mrs. Owens being designated as the primary domiciliary custodians. Ms. Boone and Mr. Rivers appeal the judgment, assigning three assignments of error.

ASSIGNMENTS OF ERROR
Ms. Boone and Mr. Rivers assert the following three assignments of error:
1. The trial court committed error in failing to sustain their exception of no right of action.
2. The trial court committed error in failing to sustain their exception of lack of subject matter jurisdiction.
3. The trial court committed error in the award of custody to non-parents when there was no showing that an award of custody to the parents would be detrimental to the children or that the award of custody to the *1259 parents would cause substantial harm to the children.

DISCUSSION

I. No Right of Action

Appellants argue that no person other than the parents or the State of Louisiana has the right to initiate a custody proceeding, i.e., that Petitioners do not have a right of action for the custody of Timmy, Ashlee, and Frankie. Appellants rely upon Articles 216 and 218 of the Louisiana Civil Code which provide for parental authority. In conjunction with this argument, appellants argue that Articles 131 and 133 of the Louisiana Civil Code do not provide a right of action to Petitioners because they apply only in a divorce proceeding.
These arguments overlook the provisions of Louisiana Civil Code articles 180, 238, and 245. Article 180 provides that children conceived and born out of wedlock are illegitimate. All of Ms. Boone's children are illegitimate. The custody of illegitimate children is awarded pursuant to the provisions on custody incident to divorce. La.Civ.Code art. 245. Therefore, custody of Timmy, Ashlee, and Frankie must be made in accordance with Article 131, et seq. Article 131 provides that custody is to be made in accordance with the best interest of the child. Further, Article 133 recognizes the award of custody to a non-parent. We find no error in the trial court's denial of the exception of no right of action.

II. Subject Matter Jurisdiction

Appellants next argue that the trial court did not have subject matter jurisdiction over this case. Pursuant to the holding in the case of Girouard v. Halpin, 368 So.2d 1139 (La.App. 3 Cir.), writ denied, 369 So.2d 1377 (La.1979), we determine that this assignment is without merit.
In the Girouard case, Mr. Girouard filed suit for custody of his grandchild who had been left in the care of him and his wife by their daughter, the child's mother. Ms. Halpin, the mother, did not attend the hearing on Mr. Girouard's suit, and he was awarded custody of the child. Ms. Halpin then sued Mr. Girouard for custody of the child. In support of her claim for custody, Ms. Halpin argued that the trial court did not have subject matter jurisdiction in the custody suit by her father. This court concluded that the trial court did have jurisdiction in the custody suit by Mr. Girouard.
Appellants cite Griffith v. Roy, 263 La. 712, 269 So.2d 217 (1972), in support of their argument that this court does not have subject matter jurisdiction. In Griffith, the supreme court held that the trial court did not have jurisdiction to consider a suit by a non-parent against a parent for custody based upon neglect of a child. In doing so, the court specifically noted that it was not considering a third party's right of action in a civil matter for custody. Accordingly, this court determined in Girouard that a trial court has subject matter jurisdiction to consider a custody dispute between a parent and a non-parent.
This assignment of error is without merit.

III. Parent/Non-Parent Custody

In their third assignment of error, Ms. Boone and Mr. Rivers argue that the trial court applied the wrong standard for determining whether the children should remain in the custody of the persons with whom they were placed by their mother or whether they should be placed in the custody of their mother and Mr. Rivers. Specifically, it is argued that the requirements of Louisiana Civil Code article 133 were not followed by the trial court, as there was no finding by the trial court that custody to Ms. Boone and Mr. Rivers would result in "substantial harm" to the children, therefore, the award of custody was in error.
In The Matter of Landrum, 97-826 (La. App. 3 Cir. 12/10/97); 704 So.2d 872, this *1260 court determined that where joint custody was awarded to a parent and a non-parent proof of substantial harm, as required by Article 133, is inapplicable. The court quoted the introductory language of Article 133 which provides "[i]f an award of joint custody ... to either parent would result in substantial harm to the child...." (Emphasis supplied.) This language does not contemplate application of the substantial harm standard when joint custody is awarded to a parent and a non-parent. In determining that the trial court was correct in applying the best interest standard pursuant to Article 134, the court in Landrum explained that:
What the trial court's judgment did was to change the terms of Celeste's custody, not take custody away from her. Changes in custody arrangements are governed by La.Civ.Code arts. 131 and 134. Article 131 tells that "the best interest of the child" is the paramount consideration in awarding custody; and Article 134 lists relevant factors the court should consider in determining just what is in the best interest of the child.
Id. at 875.
In this matter, the trial court granted joint custody with "unlimited and reasonable visitation to be agreed upon by the parties." This is essentially the same arrangement these parties have lived with since Ms. Boone placed Timmy with her parents five years ago. After considering the evidence, especially the ages of the children, the length of time they have been with their non-parent custodians, the stability and ability of the non-parent custodians to care and provide for the children, the history of instability in the work life and home life of Ms. Boone and Mr. Rivers, the willingness of the non-parent custodians to allow visitation, and the close proximity of all of the parties, we find no error in the trial court's award of joint custody.
The judgment of the trial court is affirmed. Costs of this appeal are assessed to Ms. Boone and Mr. Rivers.
AFFIRMED.
THIBODEAUX, J., dissents with reasons.
THIBODEAUX, J., dissenting.
While the efforts of the grandparents and the aunt and uncle are very noble, they do not have a right to assert this action. In my view, the trial court should have granted the mother's exception of no right of action. Indisputably, the district court had jurisdiction necessary to consider the best interests of the children. However, the power of the court to award custody is not the issue. The real question is whether a non-custodial third party may properly invoke the jurisdiction of the court to assert a custody claim over illegitimate children against the claims of the custodial parent. The majority relies on La.Civ.Code art. 245 as authority for its conclusion that a third party such as a grandparent has a right of action. However, that article is inapplicable in that this proceeding involves grandparents and an uncle and aunt against a parent. Article 245 is intended to apply to a dispute between the parents of illegitimate children. In such a situation, the provisions on custody incident to a divorce contained in Title V of the Civil Code are applicable. However, in this case the majority erroneously applies the provisions of Title V. Those provisions are not reached unless there is a custody dispute between both parents. None exists in this case.
Blaine v. Granger, 616 So.2d 860 (La. App. 3 Cir.1993) involved an attempt to consider the right of grandparents to seek custody of their grandchild. Blaine v. Granger, however, did not reach that specific issue. Rather, it concluded that the trial court was vested with the jurisdiction necessary for it to consider the best interest of the child. Furthermore, in Blaine v. Granger, the parents of the child initiated *1261 a habeas corpus proceeding. The case law is clear that the court has jurisdiction to consider the award of custody to a nonparent in a habeas corpus proceeding. Unquestionably, the parents have the right of action to initiate such a proceeding. This case does not involve a habeas corpus proceeding and the parents have not attempted to invoke the power of the court.
I cannot find any constitutional, statutory, or codal provision to allow non-custodial third parties to assert a right of action in a custody proceeding against the parent of legitimate or illegitimate children.
For the foregoing reasons, I respectfully dissent.